**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

WESTFIELD SUPERIOR INSURANCE COMPANY,    )
    )
    *Plaintiff,*    )
    )
-vs-    )    Case No. 26CV8887
    )
BENDER MANAGEMENT LLC, QUINNETTA WADE    )
and DARRYL JOSE BUCKNER, III, a minor, by his    )
mother, Quinnetta Wade,    )
    )
    *Defendants.*    )

**COMPLAINT FOR DECLARATORY JUDGMENT**

Now comes the Plaintiff, Westfield Superior Insurance Company ("Westfield"), by and through its attorneys, Christopher J. Pickett and David S. Osborne of Lindsay, Pickett & Postel, LLC, and for its Complaint for Declaratory Judgment against Defendants Bender Management LLC, Quinnetta Wade and Darryl Jose Buckner, III, alleges as follows:

### INTRODUCTION

1. In this declaratory judgment action, Westfield seeks a declaration that it owes no duty to defend or indemnify Bender Management LLC ("Bender") in a suit filed against it by Quinnetta Wade ("Wade"), on her own behalf and on behalf of her minor son, Darryl Jose Buckner, III, in the Circuit Court of Cook County, Illinois, Case No. 2026-L-066026 ("the underlying suit").

### THE PARTIES

2. Westfield is a corporation incorporated under the laws of the State of Ohio with its principal place of business located in Westfield Center, Ohio, which issued a policy of liability insurance to Bender as the named insured.

3. Bender is a limited liability company organized under Illinois law, whose only

member is Kurt J. Bender, who is a citizen of the State of Illinois.

4. Wade and her minor son are citizens of the State of Illinois. Although no relief is sought against Wade or her son herein, Westfield adds them as Defendants to bind them to the judgment, to the extent that they may have an interest in the subject matter of this action.

### JURISDICTION AND VENUE

5. No defendant is a citizen of the plaintiff's state of citizenship, Ohio, so diversity of citizenship exists.

6. The amount in controversy exceeds $75,000, exclusive of interest and costs. Although this complaint seeks no monetary damages—rather, it seeks only declaratory relief—the effect of granting that relief would be to preclude coverage for defense fees and expenses, and to ultimately preclude coverage for any liability assessed against Bender in the underlying suit, exceeding $75,000 in value, exclusive of interest and costs.

7. This Court therefore has original jurisdiction of this matter pursuant to the diversity jurisdiction granted to it under 28 U.S.C. §1332(a).

8. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this claim occurred within the Northern District of Illinois, Eastern Division, including the underlying suit, and the defendants reside in the Northern District of Illinois.

9. An actual controversy exists between the parties, and pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

### THE UNDERLYING CLAIM

10. On March 30, 2026, Quinetta Wade and her minor son, Darryl Jose Buckner III, filed a complaint in the Circuit Court of Cook County, Illinois against Bender.

11.     An Amended Complaint was filed on May 1, 2026, a true and correct copy of which is attached hereto as Exhibit 1, making no changes as to Bender from the original complaint.

12.     Wade alleges that she and her minor son live in an apartment managed by Bender, and owned by a separate entity.

13.     Wade alleges that she notified defendants of water damage in the apartment in December of 2023.

14.     Wade alleges that afterwards, the water damage caused excessive levels of mold to grow.

15.     Wade alleges that Bender failed to examine, inspect, and supervise its premises; failed to provide warning of an unreasonably dangerous condition; exposed plaintiffs to unreasonably dangerous levels of mold causing plaintiffs to incur infections; failed to maintain premises in a reasonably safe condition; failed to repair or remedy an unreasonably dangerous condition; created a dangerous condition in the unit; and allowed an unreasonably dangerous condition to exist and remain.

16.     Wade alleges that she and her son were caused to suffer infections as a result of the "filthy, dirty and nasty bacteria contained mold in and throughout the premises...."

### THE WESTFIELD POLICY

17.      Westfield issued a policy of insurance to Bender as the named insured, containing Commercial General Liability ("CGL") and Umbrella liability coverage, policy number 192221T, effective for a policy period of December 15, 2024 to December 15, 2025.  A true and correct certified copy of the Westfield policy is attached hereto as Exhibit 2.

18.     The Westfield policy contains the following pertinent CGL[1] provisions:

---

[1] The Umbrella liability portion of the policy contains an essentially identical Fungi or Bacteria exclusion, and the two exclusions will be referenced collectively in the singular herein for brevity.

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.      **Insuring Agreement**

   **a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. ***

\* \* \* \* \*

**SECTION V – DEFINITIONS**

\* \* \* \* \*

   **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \* \* \*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FUNGI OR BACTERIA EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**      The following exclusion is added to Paragraph **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability**:

   **2.**      **Exclusions**

   This insurance does not apply to:

   **Fungi Or Bacteria**

      **a.**      "Bodily injury" or "property damage" which would not have

occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

**b.** Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

\* \* \* \* \*

**C.** The following definition is added to the Definitions Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

\* \* \* \* \*

19. There may be other relevant policy provisions upon which Westfield can assert that it does not owe a duty to defend or indemnify Bender with respect to the underlying suit, and Westfield reserves the right to plead them in the future, after considering any responsive pleading by Bender, any new facts or circumstances, or as otherwise as permitted by the Court, and intends to waive nothing by setting forth the limited policy language selections above.

## COUNT I

### DECLARATORY JUDGMENT RE:
### NO DUTY TO DEFEND BENDER IN THE UNDERLYING SUIT

20. Westfield restates and incorporates the allegations of paragraphs 1 through 19, above, as if set forth fully herein.

5

21. Westfield has no duty to defend Bender in the underlying suit, on the basis that the policy's Fungi or Bacteria endorsement excludes any coverage that might otherwise exist.

22. There may be other bases upon which Westfield can properly deny coverage to Bender, and Westfield reserves the right to plead them in the future.

23. Given that a declaration regarding any duty to indemnify Bender would be premature during the pendency of the underlying suit, Westfield does not seek a declaration concerning that issue at this time, and reserves all rights to raise any applicable defenses to or limitations upon any duty to indemnify at the appropriate time.

WHEREFORE, the Plaintiff, Westfield Superior Insurance Company, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend the Defendant Bender Management LLC, with respect to the underlying suit captioned *Wade v. Central Park Residences LP, et al.*, filed in the Circuit Court of Cook County, Illinois, Case No. 2026-L-066026, and for such other and further relief as this Court deems appropriate and just under the circumstances.

Respectfully submitted,

WESTFIELD SUPERIOR INSURANCE COMPANY

By: /s/ *Christopher J. Pickett*

Christopher J. Pickett (ARDC # 6287096)
cpickett@lpplawfirm.com
312-596-7779
David S. Osborne (ARDC#6237821)
dosborne@lpplawfirm.com
312-800-6025
Thomas J A Weller (ARDC#6346528)
312-767-0345
TWeller@lpplawfirm.com
LINDSAY, PICKETT & POSTEL, LLC
200 W. Madison St., Suite 3850

6

Chicago, Illinois 60606
*Attorneys for Plaintiff*
*Westfield Superior Insurance Company*